UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF DEFENSE, et al.,<br><br>Defendants. | Civil Action No. 26-3856 (ABJ) |

**JOINT STATUS REPORT**

Pursuant to this Court's Minute Order dated November 18, 2026, Plaintiffs and Defendants respectfully submit the following joint status report. The Minute Order instructed the parties to (1) indicate "whether they have reached an agreement on the terms of an order to preserve Project Meridian records and if not, what language each side believes is required"; and (2) "whether the parties have agreed on a schedule for briefing the pending motion for summary judgment and any cross motion to dismiss or for summary judgment, and if not, what their respective proposals would be." Because the parties' positions are not aligned, they are presented in turn.

**Preservation of Records**

1. **Plaintiffs' Statement:** Plaintiffs respectfully request that the Court order Defendants to preserve all Project Meridian records, including meeting minutes, reports, transcripts, working papers, drafts, studies, agenda, and other documents made available to or prepared by Project Meridian, including its subcommittees. *See* Pls.' Proposed Order (ECF 13-8); *see also* 5 U.S.C. § 1009(b) (identifying federal advisory committee records that are subject to public inspection). The Court can enter such an order pursuant to its inherent authority, without weighing the preliminary injunction factors. *See, e.g., Am. Oversight v. U.S. Dep't of Gov't*

*Efficiency*, 25-CV-00409-BAH, 2025 WL 993518, at *1 (D.D.C. Apr. 2, 2025) ("Federal courts have the inherent power to issue orders preserving information relevant to the claims and defenses brought before them."); *CREW v. U.S. DOGE Serv.*, 769 F. Supp. 3d 8, 30 (D.D.C. 2025) (same); Oct. 2 & 3, 2019, Minute Orders, *CREW v. Trump*, No. 19-cv-01333-ABJ (D.D.C.) (ordering federal government defendants to preserve specified records pending litigation and denying motion for temporary restraining order as moot).

2. Defendants state below that they have issued an internal litigation hold that does not include MITRE, the entity that Defendants commissioned to administer Project Meridian. Defendants note, however, that MITRE intends to retain Project Meridian records pursuant to MITRE's internal document retention policies. *Id.* A preservation order remains necessary to ensure compliance with federal law, to permit litigation of this matter on the merits, and to prevent the irreparable harm caused by the potential loss or destruction of federal records. Given that Defendants and the entity they commissioned to administer Project Meridian appear to have no objection to Plaintiffs' request for records preservation, an order mandating preservation will impose no hardship on Defendants.

3. **Defendants' Statement:** Defendants confirm that the Department of War (the "Department") and its officials will preserve all records in their possession, custody, or control relevant to this litigation, including records related to the Department's commissioning of the MITRE Corporation ("MITRE") to lead Project Meridian and any participation of Department officials in meetings or other activities of Project Meridian. The Department has already issued its internal litigation hold to potentially relevant individuals and entities within the Department. Defendants further note that internal counsel for MITRE—a non-profit organization that is not a party to this suit—has conveyed to counsel for the Department that MITRE's records related to

Project Meridian will be retained by MITRE in accordance with its document retention policies, which provide for the retention of documents including meeting notes, reports, working papers, studies, agendas, and other documents MITRE has made available to or prepared for Project Meridian.

4. Defendants respectfully submit that an order to preserve records in these circumstances is unnecessary. Plaintiffs have articulated only a generalized and unsupported concern that Project Meridian records may not be preserved (ECF No. 13-1 at 31–32), which is insufficient to make the required showing under Federal Rule of Civil Procedure 65 or this Court's inherent authority to support the issuance of a records preservation order. Even assuming Plaintiffs are entitled to the records (they are not), Plaintiffs have "presented no credible evidence to support [their] allegations that the defendants have spoliated evidence or [their] suspicion that they will do so in the future," and so they have "failed to show that it will suffer irreparable harm absent preliminary injunctive relief." *True the Vote, Inc. v. IRS*, Civ. A. No. 13-0734 (RBW), 2014 WL 4347197, at *5 (D.D.C. Aug. 7, 2014); *see also Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008) (listing factors a movant must satisfy before being granted a preliminary injunction). Considered instead as a request that the Court exercise its inherent authority to order the preservation of such records, the request would still be unwarranted: This is not an unusual case where Plaintiffs have identified a credible "threat of deletion" or the Department "refus[ed] to assure preservation of potentially responsive records during the pendency of this litigation." *MSW Media, Inc. v. U.S. DOGE Serv.*, Civ. A. No. 25-1933 (JEB), 2025 WL 2480078, at *2 (D.D.C. Aug. 28, 2025). Indeed, courts "presume that executive officials will act in good faith," *Armstrong v. Exec. Off. of the President*, 1 F.3d 1274, 1293 (D.C. Cir. 1993), and Plaintiffs have not proffered

any "clear evidence to the contrary," *Sussman v. U.S. Marshals Srvs.*, 494 F.3d 1106, 1117 (D.C. Cir. 2011). There simply is no reason for this Court to issue a preservation order here.

5. Should the Court require a more fulsome response to Plaintiffs' motion for a preliminary injunction, Defendants respectfully request that the Court permit them to file an opposition on or before November 25, 2026.

**<u>Briefing Schedule</u>**

6. **Plaintiffs' Statement:** For the reasons set forth in their Memorandum, ECF No. 13-1, Plaintiffs respectfully request a briefing schedule that would provide the Court an opportunity to resolve Plaintiffs' motion for summary judgment in advance of the January 28, 2027, deadline for Project Meridian to submit its report and recommendation. As Plaintiffs' counsel noted at yesterday's scheduling conference, Congress enacted FACA's public notice, public participation, and fair balance requirements to neutralize the harms caused by both the *provision* of biased and unreliable advice by advisory committees to federal agencies *and* the implementation of that advice. *Id.* at 3-7. Secretary of Defense Hegseth's memorandum establishing Project Meridian—and specifically its 120-day deadline for Project Meridian's final recommendations and directive that "[t]he Joint Staff and all services should be prepared to connect their future warfare efforts and research to Project Meridian" —indicates that Defendants intend to receive and begin acting on Project Meridian's recommendations quickly. Declaration of Jonathan Maier, ECF 13-3, Ex. 1. That would be consistent with the rapid pace of Defendants' actions to date, including Secretary Hegseth's simultaneous announcement of Project Meridian's establishment and holding of its first public meeting on September 30 without statutorily required notice or public input. *See id.*, Exs. 1, 4. Swift adjudication of Plaintiffs' claims is imperative to ensure that the impact of Project Meridian's recommendations, if provided unlawfully, can be

mitigated. Indeed, once its final report is submitted, the opportunity for Plaintiffs or the public to influence Project Meridian's recommendations will be closed, and unwinding Defendants' reliance on that material will become increasingly difficult as more time passes. *See Las Ams. Immigrant Advoc. Ctr. v. DHS*, 783 F. Supp. 200, 233 (D.D.C. 2025) (vacatur relief under the APA requires "re-establish[ing] the status quo absent the unlawful agency action").

7. "A party may move 'for summary judgment at any time,' including at the beginning of a case." *Joe Hand Promotions, Inc. v. Molly Malone's LLC*, 2020 WL 5816219, at *3 (D.D.C. Sept. 30, 2020) (cleaned up); Fed. R. Civ. P. 56(b) ("[A] party may file a motion for summary judgment at any time until 30 days after the close of all discovery."). The Court need not await the filing of an Answer or the resolution of Rule 12 motions to adjudicate summary judgment. *Id.*; *accord* 10A Charles Alan Wright *et al.*, Fed. Prac. & Proc. Civ. § 2718 (4th ed. 2008) ("A defending party is not required by the rule to file an answer before moving for summary judgment."). Plaintiffs have asserted straight-forward, contrary-to-law claims that "can be resolved with nothing more than the statute" and other legal authorities. *Am. Bankers Ass'n v. Nat'l Credit Union Admin.*, 271 F.3d 262, 266 (D.C. Cir. 2001). Although Plaintiffs submitted a relatively lengthy declaration in support of their Motion, the vast majority of that declaration consists of exhibits that (1) reflect Defendants' own statements or those of their designated administrator of Project Meridian, or (2) confirm the employment status of Project Meridian's members. Declaration of Jonathan Maier, ECF 13-3. Because the facts established by those exhibits are highly unlikely to be in dispute, summary judgment briefing can proceed swiftly.

8. Plaintiffs have proposed the following briefing schedule: Defendants file an opposition to Plaintiffs' motion for summary judgment and any cross-motion by December 1, 2026; Plaintiffs file any reply or opposition by December 8, 2026; and Defendants file any reply

by December 15, 2026. *See* Proposed Order, ECF 13-8. Notably, Plaintiffs' proposed schedule gives Defendants *more* time for their opposition brief than they would be entitled to under the Court's rules. *See* Local Civ. R. 7(b). Moreover, Plaintiffs are amenable to any alternative briefing dates that account for the January 28th deadline.

9. Alternatively, if Defendants were willing to delay the issuance of Project Meridian's report and recommendation pending the Court's resolution of Plaintiffs' motion for summary judgment, Plaintiffs would be amenable to extending the briefing schedule accordingly. Defendants, however, refuse to make such a commitment. *See infra*, Defendants' Statement.

10. **Defendants' Statement:** Defendants respectfully submit that Plaintiffs' motion for summary judgment should be denied without prejudice as premature or that briefing on Plaintiffs' motion should be stayed until such time as the Court has ruled on Defendants' anticipated motion to dismiss. For good reason, the "general practice is to adhere to the traditional litigation sequence of complaint; answer or motion to dismiss; discovery, if appropriate; and only then, summary judgment." *Comm. on Ways & Means v. Dep't of the Treasury*, 2019 WL 4094563 (TNM), at *2 (D.D.C. Aug. 29, 2019); *see also* Fed. R. Civ. P. 56(b) advisory committee's note to 2010 amendment ("Although [Rule 56] allows a motion for summary judgment to be filed at the commencement of an action, in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had."). The virtue of that practice is especially evident here, where Defendants expect to raise substantial threshold issues regarding the applicability of the Federal Advisory Committee Act in a Rule 12(b)(6) motion. If Plaintiffs have identified a need for the Court to act by January 2027, as they contend, the appropriate response is not to litigate the entire suit to final judgment in two months' time; the

appropriate response would be for Plaintiffs to seek provisional relief. The Court should decline Plaintiffs' invitation to rush to judgment.

11. Defendants further submit that any interest in expedition must be weighed against their need to assemble relevant facts and collect legal authorities in support of their position in this complex matter. Plaintiffs appear to contend that this case "'can be resolved with nothing more than the statute' and other legal authorities" (¶ 7), but their motion and accompanying papers comprise some 599 pages and approximately 90 exhibits, and they took nearly seven weeks from the commissioning of Project Meridian to prepare and file their motion. Plaintiffs do not convincingly explain why Defendants should be afforded only fifteen days—one of which is Thanksgiving—to respond. Moreover, undersigned counsel for Defendants has substantial filings due in approximately twenty earlier-filed cases for which he is principally responsible on or before December 1, 2026, Plaintiffs' proposed deadline for Defendants' response. In Defendants' view, Plaintiffs do not identify an interest in expedition so great as to justify displacing counsel's obligations in those earlier-filed matters.

12. If the Court is nonetheless inclined to allow briefing to proceed on Plaintiffs' motion for summary judgment, Defendants respectfully propose that their opposition to Plaintiffs' motion, along with any cross-motion, be due on December 21, 2026. Plaintiffs should be afforded a suitable period for their combined reply and opposition, and Defendants should then be afforded twenty-one days to reply in support of their cross-motion.

13. With regard to the Court's question at the status conference on November 18, 2026, as to whether any Department action in reliance upon the MITRE report could be withheld pending resolution of this suit, Defendants are not presently in a position to make such a commitment. Defendants observe, however, that the report is expected to address "future warfare efforts" in "the

21st century and beyond" at a high level of generality (ECF No. 13-3 at ECF p. 21) and do not anticipate that the Department would take action in immediate reliance on MITRE's report.

Dated: November 19, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Andrew J. Vaden*
ANDREW J. VADEN
Assistant United States Attorney
D.C. Bar #1044860
601 D Street, NW
Washington, DC 20530
(202) 252-2500

*Attorneys for the United States of America*

*/s/ Stephen J. Buckingham*
Jonathan E. Maier (D.C. Bar No. 1013857)
Stephen J. Buckingham (D.C. Bar No. 1562756)
Nikhel S. Sus (D.C. Bar No. 1017937)
Haley Y. Florsheim (D.C. Bar No. 90041575)*
Citizens for Responsibility
and Ethics in Washington
P.O. Box 14596
Washington, D.C. 20044
(202) 408-5565
jmaier@citizensforethics.org
sbuckingham@citizensforethics.org
nsus@citizensforethics.org
hflorsheim@citizensforethics.org

Lauren Bateman (D.C. Bar No. 1047285)
Nandan Joshi (D.C. Bar No. 456750)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000)
lbateman@citizen.org
njoshi@citizen.org

* pro hac vice

Counsel for Plaintiffs