**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF DEFENSE, *et al.*,<br><br>Defendants. | ) | Civil Action No. 26-3856 (ABJ) |

**DOCUMENT RETENTION ORDER**

On September 30, 2026, Secretary Pete Hegseth issued a Memorandum announcing the commissioning of what was to be called Project Meridian: The Future of Warfare. The Memorandum states:

> Effective immediately, I am directing the DoW's Chief Technology Officer, Emil Michael, to commission Project Meridian: The Future of Warfare, through a partner organization. Project Meridian will study the battlefields of the future, identify which weapons and technologies warfighters will need to harness to dominate in these environments, and propose actionable solutions to start developing, testing and fielding these capabilities such that America will have overmatch for the 21st century and beyond. The Joint Staff and all services should be prepared to connect their future warfare efforts and research to Project Meridian.
>
> Project Meridian will leverage critical perspectives from outside the Pentagon, drawing upon a group of top technologists, innovators, business leaders, policy makers, and national security experts. Project Meridian's primary function will be to map the trajectory of future warfare, identify critical capability gaps, and propose actionable solutions in furtherance of the identified goals in the 2026 National Security Science and Technology Strategy.
>
> Project Meridian's finalized findings and recommendations shall be submitted to my office no later than 120 days after its announcement, or on January 28, 2027.

Memorandum from Pete Hegseth, U.S. Sec'y of War, to Senior Pentagon Leadership *et al.*, *Commissioning of Project Meridian: The Future of Warfare* (Sept. 30, 2026),

https://perma.cc/FW74-KF7B. As part of a larger "State of the Force" speech delivered on the same day, the Secretary explained that "[u]nder the leadership of the Department's Chief Technology Officer, Emil Michael, Project Meridian will be co-led by three of our nation's best minds: Elon Musk, Palmer Luckey, and Newt Gingrich. . . . Those three great Americans are going be joined by a team of senior leaders hand-picked private sector leaders and subject matter experts from across our nation's unmatched innovation, academic, and policy ecosystems." Pete Hegseth, U.S. Sec'y of War, State of the Force Address (Sept. 30, 2026), https://perma.cc/7TYH-B2LX. He added, "[i]n fact, our first meeting with those three great Americans and a small group of us is happening in a SCIF about two hundred yards away right after this speech." *Id.*

On October 2, 2026, the Department commissioned MITRE, a nonprofit corporation, to "execute Project Meridian." A LinkedIn post from the Office of the Undersecretary of War for Research and Engineering stated that MITRE "will manage and direct the completion of the project, convening leading business, policy, and technology experts to assess the capabilities, emerging technologies, and operational concepts needed to sustain U.S. military advantage across next-generation warfighting domains." *See* Press Release, MITRE, Project Meridian (Oct. 2, 2026), https://perma.cc/G3GV-5QG5, attaching link to https://perma.cc/PRX8-ANMN.

On November 2, plaintiffs Citizens for Responsibility and Ethics in Washington, Public Citizen, and Project on Government Oversight filed this action seeking, among other things, an order declaring that the defendants' establishment, operation, and utilization of Project Meridian is contrary to law, in particular, the Federal Advisory Committees Act ("FACA") and the departmental regulations implementing FACA. The gravamen of the complaint is that Project Meridian is an advisory committee as that term is defined in FACA, 5 U.S.C. § 1001(2)(A); the Department has not adhered to the statutory requirements for public participation in, and access to the records of, such a committee; and it has ignored the laws and regulations governing the creation, balanced membership, accountability, and most importantly, transparency, of an advisory committee.

The complaint consists of four counts, all brought under section 706 of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706.

> Count I alleges that the establishment of the committee is final agency action subject to review under the APA, and that its creation and utilization do not comport with the requirements of FACA, including the requirements for consultation with the Administrator of the General Services Administration, balanced membership, and the filing of a charter. *See* Compl. ¶¶ 79–87, citing 5 U.S.C. §§ 1004, 1008.
>
> Count II alleges a failure to make Project Meridian's records publicly available in violation of FACA, 5 U.S.C. § 1009(b), the Federal Records Act, and DoD guidance. *See* Compl. ¶¶ 88–96.

> Count III alleges a failure to provide public notice of and access to Project Meridian meetings in violation of FACA, 5 U.S.C. § 1009. *See* Compl. ¶¶ 90–98.
>
> Count IV alleges a failure to ensure that the composition of Project Meridian is fairly balanced in violation of the regulations and guidance implementing FACA. *See* Compl. ¶¶ 99–105.

On November 16, 2026, plaintiffs filed a motion for summary judgment and a motion for preliminary injunction [Dkt. # 13] seeking the preservation of Project Meridian records, as well as an expedited schedule for the briefing of the dispositive motion.

The Court held a telephonic status conference on the record on November 18, and it called for a status report from the parties by noon on November 19. *See* 11/18/26 Minute Order (directing the parties to inform the Court 1) whether they have reached an agreement on the terms of an order to preserve Project Meridian records and if not, what language each side believes is required; and 2) whether the parties have agreed on a schedule for briefing the pending motion for summary judgment and any cross motion to dismiss or for summary judgment, and if not, what their respective proposals would be).[1]

While the defendants maintain that an order embodying the duty to preserve is not necessary, they fully acknowledge their obligation to retain the material.

> Defendants confirm that the Department of War (the "Department") and its officials will preserve all records in their possession, custody, or control relevant to this litigation, including records related to the Department's commissioning of the MITRE Corporation ("MITRE") to lead Project Meridian and any participation of Department officials in meetings or other activities of Project Meridian. The Department has already issued its internal litigation hold to potentially relevant individuals and entities within the Department.

Joint Status Report ("JSR") [Dkt. # 15] at 2.

In addition, they represent that "internal counsel for MITRE – a non-profit organization that is not a party to this suit – has conveyed to counsel for the Department that MITRE's records related to Project Meridian will be retained by MITRE in accordance with its document retention policies, which provide for the retention of documents including meeting notes, reports, working papers, studies, agendas, and other documents MITRE has made available to or prepared for Project Meridian." JSR at 2–3.

---

1 Upon consideration of the Joint Status Report [Dkt. # 15], the Court addressed the briefing schedule issue in a minute order dated November 20, 2026.

The Court acknowledges and appreciates the representations in the Joint Status Report concerning both the agency and MITRE. But it concludes that they do not, on their own, militate against the imposition of an enforceable document preservation order that memorializes the undisputed obligations.

There is no binding authority in this Circuit as to the standard to be applied when considering the issuance of a preservation order, and no precedent identifying a preference between approaching the matter in accordance with the prerequisites for a preliminary injunction under Fed. R. Civ. Proc. 65 or as an exercise of the court's inherent authority to manage its docket. *See MSW Media, Inc. v. United States Doge Serv.*, CV 25-1933 (JEB), 2025 WL 2480078 (D.D.C. Aug. 28, 2025).

Courts in this district, though, have repeatedly recognized that federal courts have the inherent power to issue orders preserving information relevant to the claims and defenses before them. *See Am. Oversight v. U.S. Dep't of Gov't Efficiency,* 25-CV-00409-BAH, 2025 WL 993518, at *1 (D.D.C. Apr. 2, 2025); *CREW v. U.S. DOGE Serv.*, 769 F. Supp. 3d 8, 30 (D.D.C. 2025), quoting *United States ex rel. Staggers v. Medtronic, Inc.*, 15-CV-392-TSC-RMM, 2022 WL 4078969, at *2 (D.D.C. Sept. 6, 2022). If one employs the inherent authority approach, there are two tests that have been articulated.

Under the two-pronged test derived from *Pueblo of Laguna v. United States*, 60 Fed. Cl. 133, 138 (2004), the party seeking an order must show that (1) "absent a court order, there is significant risk that relevant evidence will be lost or destroyed" and (2) "the steps to preserve the evidence will be effective, but not overbroad." *Medtronic, Inc.*, 2022 WL 4078969, at *4, quoting *Career Counseling, Inc. v. Amsterdam Printing & Litho, Inc.*, No. 15-cv-5061, 2016 WL 11725395, at *1 (D.S.C. May 13, 2016). "To meet the first prong of this test, the proponent ordinarily must show that absent a court order, there is significant risk that relevant evidence will be lost or destroyed—a burden often met by demonstrating that the opposing party has lost or destroyed evidence in the past or has inadequate retention procedures in place." *Pueblo of Laguna,* 60 Fed. Cl. at 138, citing *In re Potash*, 1994 WL 1108312, at *8 (D. Minn. Dec. 5, 1994).

The three-pronged test set out in *Capricorn Power Co. v. Siemens Westinghouse Power Co.*, 220 F.R.D. 429, 433–34 (W.D. Pa. 2004) characterizes the factors as (1) "the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation"; (2) "any irreparable harm likely to result to the party seeking the preservation of evidence absent an order directing preservation"; and (3) "the capability of an individual, entity, or party to maintain the evidence sought to be preserved." *Medtronic, Inc.*, 2022 WL 4078969, at *4, quoting *Capricorn Power*, 220 F.R.D. at 433–34.

The Court has considered both sets of factors. Since the entire thrust of this lawsuit is the vindication of the public's right of access to records, and plaintiffs are not seeking damages or

other programmatic relief, the failure to preserve the set of records involved in the case would cause irreparable harm to the plaintiffs and their claims.

Given the representations in the Joint Status Report, the Court is confident that the defendants and their contractor are fully capable of maintaining the evidence to be preserved, and this Order is designed to be effective, but not overbroad.

The Court has concerns, though, that the materials will not be adequately protected in the absence of an order and that there are not adequate retention procedures in place. To date, notwithstanding the many overlapping statutory regimes calling for openness in government, the activities of Project Meridian have been entirely opaque and closed to the public, and plaintiffs' efforts to request the material informally have gone unanswered. *See* Declaration of Jonathan E. Maier [Dkt. # 13-3] and exhibits thereto.

Also, it is undeniable that the preservation of the materials at issue in this litigation would be woefully incomplete if the set of preserved documents did not include materials generated, received, or maintained by the entity selected to play a lead role in the initiative. And one problem with the broad representation in the status report that MITRE intends to follow its internal document retention policies is that not even one policy has been provided, and the Court is unaware of the time frames they contain.

Moreover, defendant's description of the policies – that they "provide for the retention of documents including meeting notes, reports, working papers, studies, agendas, and other documents MITRE has made available to or prepared for Project Meridian," JSR at 2–3, does not track the full scope of what would ordinarily be included in a typical document preservation order, such as internal emails or emails exchanged with Departmental personnel or the members of Project Meridian. *See* Fed. R. Civ. Proc. 16(b)(3)(iii) (a scheduling order may provide for disclosure, discovery, or preservation of electronically stored information). The description also omits submissions sent directly to MITRE that were not "made available to" the Project. *See* MITRE's open call for submissions to Project Meridian, https://perma.cc/E5L5-F4HN ("[S]elected submitters may be invited to participate in follow-up activities to expand on their ideas, clarify key concepts, or provide supporting evidence. These activities may take the form of written email exchanges, virtual meetings, or in-person engagements."). Nor does it go far enough to shield the broader range of documents at issue in this litigation. *See* 5 U.S.C. §1009(b) ("Subject to section 552 of this title, the records, reports, transcripts, minutes, appendixes, working papers, drafts, studies, agenda, or other documents which were made available to or prepared for or by each advisory committee shall be available for public inspection.").

Furthermore, given the centrality of the role MITRE has been assigned to play, the Court finds little comfort in the defendants' use of language that tends to distance themselves from their own chosen contractor. During the telephone scheduling conference, counsel reminded the Court as a caveat to his assurances that the records are not at risk that the initiative is being managed by an organization "which is not a party to this suit." And now, the defense is referring to the

anticipated work product of Project Meridian – which was announced with such fanfare as a "landmark project . . . to secure America's long-term military superiority,"[2] commissioned by the Secretary himself and assigned to the Department's Chief Technology officer – as simply the "MITRE Report." *See* JSR at 7.

Under all of those circumstances, while the Court accepts the representations of counsel on their face, the Court has concerns that purely voluntary efforts will be insufficient to ensure the availability of the necessary materials after the report is issued. *See CREW v. Off. of Admin.*, 593 F. Supp. 2d 156, 165 (D.D.C. 2009) (granting a stay pending appeal that involved the preservation of documents in a FOIA case even though it presumed that executive officers would act in good faith).

For all of these reasons, and in light of the statements made by the parties during the scheduling conference conducted on November 18, 2026, the positions of the parties set forth in the November 19 Joint Status Report, the requirements of the Federal Advisory Committee Act, Fed. R. Civ. Proc. 16(b)(3)(iii), and the Court's inherent power to issue orders to preserve information relevant to the claims brought before it, it is hereby **ORDERED** in the Court's discretion that:

> Defendants U.S. Department of Defense, Secretary Pete Hegseth, and Emil Michael, Undersecretary of Defense for Research and Engineering and Chief Technology officer for the Department, and all officers, employees, and agents of the defendants working on Project Meridian; all participants in or members of Project Meridian; and MITRE and its officers, employees, and agents must preserve all Project Meridian records, including minutes, reports, transcripts, working papers, drafts, studies, agendas, and other documents made available to or prepared by Project Meridian.
>
> This Order covers electronically stored information, such as emails, text messages, and electronic invitations to meetings, sent to, from, or exchanged among the defendants, the members of Project Meridian, and MITRE, as well as submissions made to the defendants or MITRE, and recordings or notes of virtual meetings or in-person meetings.

Defendants are **FURTHER ORDERED** to transmit a copy of this Order to the officers, employees, and agents of the Department involved in Project Meridian, all members of Project Meridian, and the Department's contractor **MITRE,** and they must inform the Court that they have done so by November 25, 2026.

Given the issuance of this order, plaintiff's motion for a preliminary injunction is **DENIED AS MOOT.**

2 Press Release, DOD, Secretary Hegseth Announces Six Major Initiatives at Quantico Speech (Sept. 30, 2026), https://perma.cc/W33C-95WX.

**This is an interim order to preserve the status quo pending the resolution of the case; the Order should not be read to express a legal conclusion as to whether Project Meridian is governed by the Federal Advisory Committee Act or any other statutory requirement to make the records available to the public; nor does it express a view as to whether the plaintiffs will ultimately be entitled to receive or review the material being preserved.**

**SO ORDERED.**

AMY BERMAN JACKSON
United States District Judge

DATE: November 23, 2026